UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------------x
STARR INDEMNITY & LIABILITY COMPANY,

                        Plaintiff,                              Civil Action No.

                -against-

                                                      **COMPLAINT**

LUCAS CONSTRUCTION GROUP, INC.,

                        Defendant.
-------------------------------------------------------------------------------x

        Plaintiff, Starr Indemnity & Liability Company, by and through its undersigned counsel, files this Complaint against Defendant Lucas Construction Group, Inc., and in support thereof alleges as follows:

## JURISDCITION AND VENUE

1. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

2. There is complete diversity of citizenship between Plaintiff and Defendant.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) (1), (3) and (c).

4. An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the insurance contracts issued by Starr.

## THE PARTIES

5. Starr is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York.

6. Starr is licensed as an insurance carrier by the New Jersey Department of Banking and Insurance.

7. For diversity purposes, Starr is a citizen of the states of Texas and New York.

8. Defendant is a corporation duly organized and existing under the laws of the State of New Jersey.

9. Defendant maintains its principal place of business at 2 Hance Avenue, Tilton, New Jersey.

10. For diversity purposes, Defendant is a citizen of the state of New Jersey.

## GENERAL ALLEGATIONS

11. At the specific instance and request of Defendant, Starr issued a general liability insurance policy, under policy number 1000025660181, which covered the time period December 1, 2018 to December 1, 2019 (the "2018 GL Policy").

12. At the specific instance and request of Defendant, the 2018 GL Policy renewed for the time period December 1, 2019 to December 1, 2020, under policy number 1000025660191 (the "2019 GL Policy").

13. At the specific instance and request of Defendant, Starr issued a commercial automobile insurance policy, under policy number 1000198612191, which covered the time period December 1, 2019 to December 1, 2020 (the "2019 Auto Policy").

14. At the specific instance and request of Defendant, Starr issued a workers compensation insurance policy, under policy number 1000003457, which covered the time period December 1, 2019 to December 1, 2020 (the "2019 WC Policy" and, together with the 2018 GL Policy, the 2019 GL Policy, and 2019 Auto Policy, the "Policies").

15. The Policies are insurance contracts which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendant.

**DEDUCTIBLES**

16. Pursuant to the terms of the 2018 GL Policy, Defendant has certain obligations to reimburse Starr for amounts associated with claims submitted for coverage thereunder.

17. In that regard, the 2018 GL Policy contains a per occurrence deductible of One Hundred Thousand Dollars ($100,000.00).

18. A claim was made under the 2018 GL Policy.

19. Starr paid $3,691.34 to the claimant to cover the property damage to the claimant's property caused by Defendant.

20. Starr fulfilled its contractual obligations and provided the insurance coverage afforded by the 2018 GL Policy.

21. Starr issued invoices and demands for payment for the outstanding deductible to Defendant in a timely fashion.

22. Defendant has failed and refused, and continues to refuse to remit payment of the $3,691.34 owed to Starr pursuant to the terms of the 2018 GL Policy

23. Pursuant to the terms of the 2019 Auto Policy, Defendant has certain obligations to reimburse Starr for amounts associated with claims submitted for coverage thereunder.

24. In that regard, the 2019 Auto Policy contains a per occurrence deductible of Twenty-Five Thousand Dollars ($25,000.00).

25. Claims were made under the 2019 Auto Policy.

26. For claim number 013462-000027-AD-01, Starr paid $9,285.80 to the claimant to cover the property damage to the claimant's property caused by Defendant.

27. For claim number 013462-000033-AD-01, Starr paid $4,512.60 to the claimant to cover the property damage to the claimant's property caused by Defendant

28. Starr fulfilled its contractual obligations and provided the insurance coverage afforded by the 2019 Auto Policy.

29. Starr issued invoices and demands for payment for the outstanding deductibles to Defendant in a timely fashion.

30. Defendant has failed and refused, and continues to refuse, to remit payment of the $13,489.74 owed to Starr pursuant to the terms of the 2019 Auto Policy.

**PREMIUM**

31. Upon information and belief, Defendant financed the premiums due for the 2019 GL Policy, 2019 Auto Policy, and 2019 WC Policy with a premium finance company.

32. At or shortly after the inception of the 2019 GL Policy, 2019 Auto Policy, and 2019 WC Policy, the premium finance company paid the total premiums due therefor to Starr.

33. Upon information and belief, pursuant to the premium finance agreement entered into between Defendant and the premium finance company, Defendant was obligated to make monthly payment to the premium finance company that constated of principal and interest.

34. Upon information and belief, pursuant to the premium finance agreement entered into between Defendant and the premium finance company, Defendant provided the premium finance company with power of attorney so that if Defendant failed to make the monthly payment, the premium finance company could cancel the financed insurance policies.

35. Due to the Covid-19 pandemic, on or about April 10, 2020, the New Jersey Department of Banking and Insurance (the "Department") issued Bulletin No. 20-17.

36. Among other things, Bulletin No. 20-17 directed all insurance premium finance companies licensed in New Jersey to extend a 90-day grace period for the payment of premiums.

37. In response to the question: "What happens if the insured/borrower fails to make the installment payment to the insurance premium finance company after the grace period mandated by Bulletin No. 20-17?" the Department took the following position:

> If an insured/borrower fails to make the first installment payment due after the expiration of the applicable emergency grace period provided by EO 123 and Bulletin No. 20-17, and the insurance premium finance company cancels the financed insurance policy in accordance with the terms of the premium finance agreement and applicable law, the insurance carrier must return to the insurance premium finance company the gross unearned premiums due under the insurance contract calculated as of 90 days prior to the effective date of cancellation set forth on the premium finance company's notice of cancellation. The insurance policy must remain in force during the grace period and the insurer must continue to pay claims during this time.

38. Upon information and belief, Defendant availed itself of the grace period permitted under Bulletin No. 20-17.

39. Upon information and belief, after the grace period ended, Defendant failed to make the required monthly payments to the premium finance company.

40. Starr received a notice of cancellation from the premium finance company.

41. The notice of cancellation directed Starr to cancel the financed policies effective July 31, 2020.

42. Pursuant to Bulletin No. 20-17 and the Department's interpretation thereof, Starr was required to return premium to the premium finance company as of May 2, 2020 (i.e., 90 days prior to July 31, 2020).

43. Further, pursuant to Bulletin No. 20-17 and the Department's interpretation thereof, Starr was required to provide insurance coverage to the Defendant for the 90-day period.

44. Starr issued invoices and demands for payment for the outstanding premium to Defendant in a timely fashion.

45. Defendant has failed and refused, and continues to refuse, to remit payment of the $141,731.16 owed to Starr pursuant to the terms of the 2019 GL Policy, 2019 Auto Policy, and 2019 WC Policy.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

46. Plaintiff incorporates by reference paragraphs 1 through 45, as if fully set forth herein.

47. Starr has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policies.

48. Defendant has failed and refused to pay the deductibles due under the 2018 GL Policy and 2019 Auto Policy although due demand has been made therefor.

49. Defendant has failed and refused to pay the premium for the 2019 GL Policy, 2019 Auto Policy, and 2019 WC Policy although due demand has been made therefor.

50. Through its refusal to remit the aforementioned payments, Defendant has breached the contracts between the parties, i.e., the Policies.

51. As a result of Defendants' breach of the insurance contract, Starr has suffered damages in the amount of $159,220.90, plus interest, and costs.

## SECOND CAUSE OF ACTION
**(Unjust Enrichment)**

52. Plaintiff incorporates by reference paragraphs 1 through 45, as if fully set forth herein.

53. Starr provided insurance coverage and related services to Defendant for which it has refused to pay.

54. Defendant has been unjustly enriched by the receipt of such coverage and services to Starr's detriment.

55. Starr has repeatedly demanded that Defendant remit payment of the amounts due and owing.

56. Defendant has failed and refused, and continues to refuse, to pay the balance due and owing to Starr, thereby resulting in damages to Starr in the amount of $159,220.90, plus interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Starr Indemnity & Liability Company, demands judgment against the Defendants, jointly and severally, as follows:

a. On the First Cause of Action, damages in the amount of $159,220.90, plus interest and costs, with interest at the statutory rate from the date of default;

b. On the Second Cause of Action, damages in the amount of $159,220.90, plus interest and costs, with interest at the statutory rate from the date of default; and

c. Such other and further relief as the Court may deem just and proper.

Dated: January 27, 2022                                Respectfully Submitted,

STARR INSURANCE HOLDINGS, INC.

　　/s/ Marc P. Madonia
Marc P. Madonia
399 Park Avenue, 3rd Floor
New York, New York  10022
Marc.madonia@starrcompanies.com
*Attorneys for Plaintiff*
*Starr Indemnity & Liability Company*